## THE TAWTEMIO.[1]

### TRUNDY et al. v. THE TAWTEMIO.

#### (District Court, E. D. New York. January 13, 1893.)

ADMIRALTY—BOUNDARIES—PORT OF NEW YORK—NORTH BROTHER ISLAND.
The North Brother island is within the port of New York, within the meaning of that term as used in the state statute creating liens on domestic vessels. Laws N. Y. 1862, c. 482, as amended.

In Admiralty. Libel in rem by David Trundy and others against the lighter Tawtemio to enforce a lien for repairs under the New York statute giving liens on domestic vessels. Laws N. Y. 1862, c. 482, and the various amendments thereof. Libel dismissed.

Peter S. Carter, for libelants.
John A. Anderson, for claimant.

BENEDICT, District Judge. This is an action in rem, brought to enforce a lien for repairs upon a domestic vessel. The statute of the state declares that the debt shall cease to be a lien at the expiration of 12 months after the debt was contracted, unless at the time when such 12 months shall expire such vessel shall be absent from the port at which said debt was contracted. This debt was contracted on November 26, 1891. It ceased to be a lien on November 26, 1892, unless on that day the vessel was absent from the port at which the debt was contracted. When the debt was contracted, the vessel lay at Brooklyn, in the county of Kings. From the 22d day of November, 1892, to the 1st day of December, 1892, she was ashore off the North Brother, having grounded there by accident; and the question is whether the vessel on November 26th was absent from the port at which the debt was contracted, within the meaning of the statute. The word "port" as used in the statute is not synonymous with the word "place." It has a more extensive signification. In my opinion, the locality where this vessel lay aground from November 22d to December 1st was within the port of New York. See consolidation act of 1883. This being so, the debt sued for ceased to be a lien upon the vessel before the libel herein was filed.

The libel must be dismissed, with costs.